# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

DANIEL R. PESTANA,

    Plaintiff,

v.

CALIFORNIA STATE COURT SYSTEM, et al.,

    Defendants.

Case No. 15-cv-05294-JSW

**ORDER RULING ON PENDING MOTIONS AND DISMISSING CASE WITH PREJUDICE**

Re: Dkt. Nos. 115-124

Now pending before the Court are the following motions to dismiss, including joinders in other Defendants' motions permitted by the Court's November 7, 2016 order:

- Docket No. 115: motion to dismiss the Second Amended Complaint ("SAC") filed by Defendants Christy Pierce and Jonathan Laba (the "County Defendants");
- Docket No. 116: joinder of Defendant John Rochios, Ph.D (sued as Dr. Rioches) in the County Defendants' motion;
- Docket No. 117: motion to dismiss the SAC filed by Defendants Holy Spirit Parish School, Marcia Greene, Mary Reel, and The Roman Catholic Bishop of Sacramento, a corporation sole (sued as Sacramento Archdiocese);
- Docket No. 118: motion to dismiss or strike the SAC filed by Defendants Sutterville Pre School, Incorporated (sued as Sutterville Preschool) and Kim Tozer (sued as Kim Tozar), and joinder in the County Defendants' motion;
- Docket No. 119: motion to dismiss the SAC filed by Defendant Kathryn Jaeger, Ph.D., and joinder in the County Defendants' motion;
- Docket No. 120: motion to dismiss the SAC filed by Defendant City of Concord (sued as Concord Police Department), and joinder in the County Defendants' motion;

- Docket No. 121: motion to dismiss the SAC filed by Defendant Sandra Lusich, and joinder in the County Defendants' motion;[1]
- Docket No. 122: motion to dismiss filed by Defendants Joyce Cram, Edward G. Weil; and David B. Flinn (collectively, "Judicial Defendants"), and joinder in the County Defendants' motion;
- Docket No. 124: joinder of Defendant Dr. Elizabeth H. Braunstein in the County Defendants' motion and in Dr. Rochios' motion to dismiss on the basis of absolute judicial immunity;

The Court has carefully reviewed all parties' papers on each motion and considered the arguments and the relevant legal authority. The Court finds that all pending motions are appropriate for decision without oral argument, and denies Plaintiff's request, in his opposition, for oral argument. *See* N.D. Cal. Civil L.R. 7-1(b). Good cause appearing, the Court hereby GRANTS all pending motions to dismiss.

**BACKGROUND**

The following facts are taken from the SAC and assumed to be true for purposes of this motion. (Dkt. No. 113.) Plaintiff alleges that he is the father of a child and that Defendant Sandra Lusich is the mother of the child. The couple formed an "intimate partnership for the purpose of creating a child and family." (*Id.* ¶ 47.) In 2008, however, the couple separated. The separation was initially amicable, but subsequently became less so. Defendants each are alleged to have a role in the custody battle that ensued. Ultimately, Plaintiff was dissatisfied with the resulting custody arrangement, and with his treatment by the courts and others involved with the custody and education of the child.

In a September 12, 2016 order, the Court granted all pending motions to dismiss the First Amended Complaint ("FAC"). The Court dismissed Defendants State of California, California State Court System, and Jeffrey D. Huffaker without leave to amend. The Court also denied leave to amend Plaintiff's claims for monetary damages against Defendants Cram, Weil, and Flinn. The

---

[1] The Court GRANTS the Judicial Defendants' request for judicial notice of an opinion of the Court of Appeal of the State of California. (Dkt. No. 123.)

Court granted Plaintiff leave to amend his remaining claims.[2]

On November 3, 2016, Plaintiff filed the SAC. The facts alleged in the SAC are similar to those alleged in the FAC. The primary change, although not the only one, is the addition of argumentative statements regarding the Court's legal analysis in the prior order of dismissal. Plaintiff again alleges sixteen causes of action. He claims, among other things, error in the California State Court's rulings against him, as well as fraud and conspiracy by Defendants in connection with the custody proceedings. Additionally, he alleges that the family court system of the State of California discriminates against fathers such as himself.

In the SAC, Plaintiff dropped the following defendants who had been named previously: Dana Santos, Jeffrey D. Huffaker, the Concord Police Department, the County of Contra Costa, the City of Martinez, and Miriam Bodin. He named nineteen defendants, including the State of California and the California State Court System (including its Family Law Division and Child Custody Recommending Counselors, named in Plaintiff's complaints as Court Mediators), who had been dismissed without leave to amend.[3] On November 7, 2016, the Court filed an order setting a schedule for responses to the SAC, in which the Court clarified that Defendants need not respond to claims in the SAC that had previously been dismissed without leave to amend, even if those claims were included in the SAC. The Court also encouraged Defendants to join in each other's briefs rather than filing duplicative arguments. Defendants filed the motions to dismiss listed above. Plaintiff failed timely to respond to the motions, but on March 1, 2017, the Court granted his administrative motion for leave to file an untimely response. Defendants have replied and all pending motions are now fully briefed.

The Court shall address additional facts as necessary in its analysis.

---

[2] In the SAC, Plaintiff "respectfully asks the Court to consider the list of Defendants in this particular case" because the "State of California and the State Court system determine the training and education of all the other defendants" and are responsible for those acts. Plaintiff also asks the Court to reconsider the dismissal of claims for monetary damages against the Judicial Defendants. The Court DENIES these requests for the reasons explained in the September 12, 2016 order of dismissal.

[3] Plaintiff does not assert, and has waived, any contention that the Court Mediators were not dismissed without leave to amend as part of the California State Court System. Even if this were not so, the analysis of this order would apply equally to the Court Mediators.

3

# ANALYSIS

## A. Legal Standards Applicable to the Motions to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). From these decisions, the following "two principles" arise: "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to

dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). For example, the Court can take judicial notice of the existence of public records or court documents, but it may not take judicial notice of disputed facts in those documents. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *Hotel Employees and Restaurant Employees Local 2 v. Vista Inn Management Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201.

The Court construes *pro se* pleadings liberally and, however inartfully a pro se complaint is pled, holds it to less stringent standards than formal pleadings drafted by lawyers. *Twombly*, 550 U.S. at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a). *McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was "verbose, confusing and almost entirely conclusory.").

If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.    This Court Lacks Subject-Matter Jurisdiction to Review State Court Decisions.**

Defendants contend that this Court lacks subject-matter jurisdiction over this action, because it is an attempted collateral attack on rulings, orders and judgments of the Contra Costa County Superior Court. It is well established that federal district courts, such as this Court, are without subject-matter jurisdiction to review state court decisions, and state court litigants may therefore obtain federal review only by filing a petition for a writ of certiorari in the Supreme Court of the United States. This rule is referred to as the *Rooker-Feldman* doctrine, after two Supreme Court decisions setting forth the controlling principles. *See District of Columbia Court*

*of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

"*Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) (quotation omitted). The *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

In addition to appeals that are labeled as such, *Rooker-Feldman* also prohibits district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). A case is a "forbidden de facto appeal" when a losing party "in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003).

This Court's lack of jurisdiction extends to issues that are "inextricably intertwined" with the de facto appeal. *Id.* at 1157-58. If the claims are inextricably intertwined, then the district court is in essence being called upon to review the state court decision. *See Feldman*, 460 U.S. at 483-84 n.16. Claims are generally inextricably intertwined when the district court must scrutinize both the challenged statute or rule and the state court's application of that statute or rule. *See Noel*, 341 F.3d at 1158.

In his opposition to the motions to dismiss the SAC, Plaintiff asserts that he is "not seeking federal review of a state court custody order, he is seeking protection of his Constitutionally-protected due process and parental rights; which State courts routinely fail to do. [And the State courts in this case failed to do]." (Opp. at 5, ¶ 9 (emphasis in original)). Likewise, in the SAC, Plaintiff alleges:

> Plaintiff is seeking that this court find that the trial court acted with prejudice and violated Plaintiff's Constitutionally-Protected Parental

> Rights. Plaintiff is not merely seeking orders restoring full parenting privileges that existed prior to the States intervention, a reversal of parenting periods and make-up time; *inter alia*, as listed by this court in its recent Order. . . .
>
> Plaintiff is seeking relief, in his particular case regarding discrimination ; in this president [sic] setting case. These requests are spelled out clearly with examples of what the trial courts did to Plaintiff in his specific case and serve *only* as *examples* of what trial courts in the State of California do on a regular basis to Fathers, witnessed by Plaintiff. . . .
>
> Plaintiff alleges that no ordinary person of reasonable sensitivities could come to any other conclusion other than the trial court acted, sua sponte with passion and prejudice to Plaintiff's detriment granting more parental rights to the Defendant/Mother without reason nor just cause.

(SAC, Preliminary Statement, at 3-4 (emphasis in original).) Additionally, in his prayer for relief, Plaintiff requests an "order for declaratory relief determining rights as between the parties together with a finding of unconstitutionality as to the processes and provisions described in this pleading, as well as, finding that the trail [sic] court acted with prejudice and violated Plaintiff's Constitutionally-Protected Parental Rights" in addition to other monetary and injunctive relief. (*Id.* at 33, ¶ 164.)

The Court finds that while Plaintiff has removed some of the specific statements identified in the prior order of dismissal that most transparently sought review of the state court action, the amendments do not change the essential nature of this case. The gravamen of this action is that the state courts, and others in connection with them, discriminated against Plaintiff in adjudicating his custody dispute, and Plaintiff seeks this Court's review of the state court's orders and final adjudication of various issues. The Court finds that review of all of Plaintiff's claims against all Defendants would require this Court to analyze whether the state court wrongly decided the family law, contempt, and sanctions issues discussed in the FAC. The more general constitutional claims set forth in the SAC are inextricably intertwined with Plaintiff's claims of systematic gender discrimination in the state court proceedings to which he was a party. For the reasons explained more thoroughly in the prior order of dismissal, the Court finds that Plaintiff's attempt to frame his claims as more general and not only related to his own action is a "fig leaf for taking aim" at the state court's alleged errors in his case. *Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012); *see*

*also Worldwide Church of God v. McNair*, 805 F.2d 888, 892-93 (9th Cir. 1986) (holding that district court could not review constitutional claims because they were inextricably intertwined with review of "the state court's decision regarding application of the plaintiff's federal constitutional theories to the particular factual circumstances of this case"). The Court also finds that to the extent Plaintiff has tried to plead around the *Rooker-Feldman* bar by generalizing his arguments to include alleged harms to other people, he lacks standing to assert those claims and may not represent any individuals other than himself. As discussed in the Court's prior order and, extensively, in Defendants' motions to dismiss, Plaintiff also fails to state a claim, especially for any cause of action that could circumvent *Rooker-Feldman*. *See* Fed. R. Civ. P. 8(a), 12(b)(6).

Accordingly, the Court grants Defendants' motions to dismiss on the basis of *Rooker-Feldman*. *See Ignacio v. Armstrong*, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming dismissal under *Rooker-Feldman* of federal court challenge to state court determination of domestic action).

Having determined that the SAC must be dismissed under *Rooker-Feldman*, the Court does not reach Defendants' alternative arguments for dismissal.

**C.     The Court Denies Further Leave to Amend.**

The Court has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir.2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id.* at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995) ( "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. *Cato*, 70 F.3d at 1005-06.

Five factors are frequently used to assess whether leave to amend should be granted: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990) (citing *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989)). "The district court's discretion to deny leave to amend is particularly broad where

8

plaintiff has previously amended the complaint." *Ascon Properties*, 866 F.2d at 1160; *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Futility alone may be grounds for denying leave to amend. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir.1998).

Having carefully considered these factors, the Court finds that further amendment would be futile. The Court previously granted leave to amend, after explaining the deficiencies of the FAC to Plaintiff. The Court also explained that the large number of Defendants and the nature of Plaintiff's claims mean that substantial prejudice to Defendants is created by allowing Plaintiff to amend the complaint. The Court cautioned Plaintiff that future opportunities to amend would be unlikely. Plaintiff had ample notice of the need to include all possible facts in the SAC. Upon review of the SAC and the parties' briefs, the Court now concludes that the pleading of additional facts, consistent with those already pled, would not change the legal analysis applicable to these claims. This is particularly so because the Court has carefully reviewed the other grounds raised in Defendants' motions to dismiss, and finds that they, too, are meritorious and would provide an alternative basis for dismissal of all claims against all Defendants. Accordingly, the Court will deny further leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS all pending motions to dismiss, with prejudice. (Dkt. Nos. 115-122, 124.)

The Court also GRANTS the Judicial Defendants' request for judicial notice. (Dkt. No. 123.)

All claims against all defendants are dismissed. The Court DENIES Plaintiff further leave to amend. The Court will issue a separate judgment, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 15, 2017

JEFFREY S. WHITE
United States District Judge